## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No.:

**KIVA HAIR,**

 **Plaintiff,**                **COMPLAINT**

**v.**

**TRANS UNION LLC, and ZIONS DEBT HOLDINGS LLC,**

 **Defendants.**

_____/

## COMPLAINT

Plaintiff, Kiva Hair ("Plaintiff"), by and through counsel, files this Complaint against Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Zions Debt Holdings, LLC, ("Zions"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA"), and Fair Debt Collections Practices Act 15 USC §1692e(5).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange, Florida.

5. Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Zions Debt Holdings, LLC is a Utah limited liability company, which is not registered as a consumer collection agency with the Florida Office of Financial Regulation. Zions is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7. At all times material hereto, Zions collects or attempts to collect debts and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Section 559.55(7), Florida Statutes and is a consumer collection agency as defined by Section 559.55(3), Florida Statutes.

8. Personal jurisdiction is proper pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by the acts or omissions outside the state.

## GENERAL ALLEGATIONS

9. This action involves derogatory and inaccurate reporting of an alleged Consumer Debt (the "consumer debt") for home security monitoring services to Plaintiff's credit profile.

10. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

11. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

12. This obligation is triggered "upon notice of dispute"--that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. See § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information... and;

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

14. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

15. On or about December 1, 2012, Plaintiff entered into a home security monitoring agreement with Versatilo Marketing Solutions, Inc. ("Versatilo") for home security monitoring through Monitronics Home Security ("Monitronics").

16. In or about November 2013, Plaintiff advised Versatilo that Plaintiff would not be renewing the agreement with Versatilo and directed that the Monitronics monitoring service be terminated.

17. Plaintiff's credit report did not reflect negative reporting pursuant to the Monitronics monitoring service until over seven years after Plaintiff canceled her contract.

18. In or about May 2023, Plaintiff discovered negative reporting by the CRA's. Specifically, Plaintiff discovered that Zions Debt Holdings, LLC (f/k/a Mountain Run Solutions), was now reporting Plaintiff's 2012 Monitronics account as a collection account, with an amount due of $1,473.23.

19. On or about June 19, 2023, Plaintiff disputed the inaccurate CRA reporting through the Consumer Financial Protection Bureau.

20. Upon information and belief, Defendants failed to perform a reasonable investigation of Plaintiff's dispute. Had Defendants done so, Plaintiff's negative reporting by Defendants would have been corrected, and removed from Plaintiff's credit report as stale, and beyond the Statute of Limitations for reporting.

21. Defendants have since failed to correct their reporting errors.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

22. Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

23. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of a Monitronics account with Defendant Zions and continues to include the same

information concerning inaccurate and derogatory reporting of a Monitronics account with Defendant Zions, a consumer collection agency.

24. In or around May of 2023, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Zions. Therefore, in or around June of 2023, Plaintiff reported this inaccurate and derogatory information to Trans Union.

25. Defendant Zions verified the alleged consumer debt in the amount of $739.00. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the account from Plaintiff's credit report.

26. As of the filing of this complaint, Defendant Zions's derogatory and inaccurate information is still listed on Plaintiff's credit report.

27. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

28. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

29. Despite Trans Union having received Plaintiff's dispute of Defendant Zions's information, Trans Union continues to report Plaintiff's account in collections for an unpaid balance from a Monitronics account with Defendant Zions.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30. Continuing to report the status of Plaintiff's account in this fashion is significant.

31. By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

32. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

33. Trans Union failed to conduct a reasonable investigation and reinvestigation.

34. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

35. Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Zions, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

36. Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

37. Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and

file.

38. Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Zions despite being in possession of evidence that the information was inaccurate.

39. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

40. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

41. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

42. Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

43. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

44. Trans Union has willfully and recklessly failed to comply with the

FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

45. The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

46. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47. The appearance of the account on Plaintiff's credit report, namely, the

account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

48. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

50. Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

51. On at least one occasion within the past year, by example only and

without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

52. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

53. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

54. Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

55. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

56. The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

57. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

58. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

59. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Zions)

60. Plaintiff incorporates the paragraphs ¶¶ 1-21 and by reference of this Complaint.

61. Defendant Zions is a consumer collections agency that works to help companies recoup old debt.

62. In or about May of 2023, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Zions.

63. In or about June of 2023, Plaintiff submitted a dispute of the erroneous and derogatory reporting to Trans Union by Defendant Zions.

103. In response to the Dispute, Trans Union promptly and properly gave notice to Defendant Zions of the Dispute in accordance with the FCRA.

104. As of the filing of this complaint, the debt has continued to be verified by Defendant Zions.

105. Defendant Zions is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

106. On a date better known by Defendant Zions, Trans Union promptly and properly gave notice to Defendant Zions of Plaintiff's Dispute in accordance with the FCRA.

107. In response to the notices received from Trans Union regarding

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Disputes, Defendant Zions did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

108. In response to receiving notice from Trans Union regarding Plaintiff's Disputes, Defendant Zions failed to correct and/or delete information it knew to be inaccurate and/or which Trans Union could not otherwise verify.

109. Instead of conducting a reasonable investigation, Defendant Zions erroneously validated the Account and continued to report inaccurate information to Trans Union.

110. On at least one occasion within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

111. On at least one occasion within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

112. On at least one occasion within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Trans Union about the inaccurate information.

113. Upon information and belief, Defendant Zions was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's

PAGE | **14** of **19**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dispute.

114. Defendant Zions's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

115. As a direct and proximate result of Defendant Zions's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

116. Defendant Zions's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Zions, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Zions)

118. Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

119. On at least one occasion within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

120. On one or more occasions within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

121. On one or more occasions within the past year, by example only and without limitation, Defendant Zions violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

122. When Defendant Zions received notice of Plaintiff's dispute from Trans Union, Defendant Zions could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

123. Defendant Zions would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Zions had reviewed its own systems and previous communications with the Plaintiff.

124. Defendant Zions's investigation was per se deficient by reason of these failures in Defendant Zions's investigation of Plaintiff's Disputes.

PAGE | 16 of 19

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

125. As a direct and proximate result of Defendant Zions's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

126. Defendant Zions's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

127. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Zions awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(Against Defendant Zions)

128. Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

129. The FDCPA at 15 U.S.C, 1692e states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

130. A violation of Section 559.53, Florida Statutes for failure to register supports a cause of action under Section 1692e(5) of the FDCPA. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010) and cases cited therein.

131. Zions violated Florida Statute §559.53 by attempting to collect a debt from Plaintiff without registering in accordance with section 559.53 and thereafter maintaining a valid registration.

132. As a result of Zions unlawful debt collection activity, Plaintiff has suffered damages in the form of costs, lost time, aggravation, as a result of Zions attempt to collect a debt which Zions has no legal right to collect.

133. Plaintiff has hired The Law Office of Jibrael S. Hindi to prosecute this claim and has agreed to pay a reasonable fee for representation.

134. Pursuant to 15 U.S.C. §1692k, Plaintiffs are entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

135. WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant Zions Debt Holdings, LLC for actual damages, statutory

damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

Dated: January 9, 2024

          Respectfully Submitted,

       /s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail:    gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:  855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **19** of **19**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com